GONZÁLEZ, PLAINTIFF AND APPELLEE, *v.* COUNCIL OF ADMINISTRATION OF AGUADA, DEFENDANT AND APPELLANT.

Appeal from the District Court of Aguadilla in Certiorari Proceedings.

No. 2410.—Decided April 25, 1922.

CERTIORARI—APPEAL.—The general rule that an appellate court will not consider questions raised for the first time on appeal applies to certiorari proceedings.

ID.—TAXPAYERS—APPROPRIATION OF PUBLIC FUNDS—INJUNCTION.—It is well established that taxpayers, whether natural persons or corporations, have a right to prevent by injunction, or other adequate legal proceeding, the undue appropriation of public funds by unauthorized or *ultra vires* acts of public officers, if there is no statute designating a particular officer in whose name the action should be brought.

The facts are stated in the opinion.

*Messrs. E. González Mena, García Méndez & García Méndez,* and *J. Valldejuli* for the appellant.

*Messrs. A. Arroyo Rivera* and *I. Soldevila* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Petitioner applied to the district court for a writ of certiorari and alleged:

"I. That he is of age, resident of the municipality of Aguada, a member of the municipal assembly of the said town and a taxpayer on real estate within the said municipality.

"II. That on September 13, 1920, the Council of Administration of Aguada, in violation of the law, adopted a supplemental budget amounting to $8,345.62, which was the total cash balance existing on June 30th, last.

"III. That in making the said supplemental budget there was included the sum of $351.88 corresponding to deposits and bonds, which amount should not have been taken into consideration in making the said supplemental budget, inasmuch as this money is not the property of the municipality, but of the creditors thereof for such purposes.

"IV. That in the said supplemental budget there was likewise included the sum of $5,811.60 corresponding to school funds and, therefore, that it could not form a part of the said supplemental budget.

"V. That attention was called to the council of administration by the Auditor of Porto Rico and the Secretary and Auditor of the Municipality of Aguada to the illegality of the aforesaid ordinance for the supplemental budget, and in spite of that the said council of administration, on October 14, adopted an ordinance declaring its intention not to amend or modify the said supplemental budget.

"VI. That the said Council of Administration held a special session on September 9, 1920, for the purpose of considering an offer made by Anastacio Ramos for the sale of a house and lot which had been sold to him on the day before by Teodoro Badillo, Commissioner of Public Service, the said session being invalid because it was not properly convoked.

"VII. That the said Council of Administration held another special session on September 13, for which a verbal call not authorized by law was made to its members, the said Council of Administration having adopted at that session an ordinance authorizing

the purchase of the said house for the sum of $5,000, and check No. 83 of the Municipality of Aguada for $5,000 having been drawn in favor of said Anastacio Ramos.

"VIII. That the ordinances referred to in the foregoing allegations, including the ordinance voting the said supplemental budget, are null and contrary to the law and injurious to the plaintiff as a tax-payer of said municipality, causing him serious and irreparable damages, and that the plaintiff has no other legal adequate and speedy remedy than the one presented for the nullity and inexistence of the aforesaid ordinances."

The dispositive portion of the judgment reads thus:

"And the court, after duly considering this certiorari proceeding and examining the documents accompanying the answer or return of the defendant, and for the reasons set forth in the statement of the case and opinion which form part of this judgment, sustains the petition for a writ of certiorari presented by Eugenio González against the Council of Administration of Aguada and therefore declares null and void the supplemental budget for the sum of $8,345.62 and the ordinance approving the same adopted at the special session of the said council held on August 18, 1920, and also declares null and void the ordinance of the said council adopted at the special session held on September 13, 1920, whereby it authorized the purchase from Anastacio Ramos of a house and lot for the sum of $5,000 to be charged to said supplemental budget, imposing the costs upon the defendant. The clerk will communicate this judgment with a copy of the statement of the case and opinion on which it is based to the Council of Administration of Aguada for the proper ends."

Appellant insists:

"That the court below erred in substituting the name of attorney José J. Acosta, District Attorney, by that of attorney Miguel Guerra Mondragón to act in this case as attorney for the plaintiff.

"That the court below erred in overruling the demurrer on the ground of lack of jurisdiction.

"That the court below erred in overruling the motion for non-suit made by the defendant.

"That the judgment is contrary to the evidence.

"That the judgment is contrary to the law."

In support of the first assignment appellant says:

"It appears from the face of the certiorari petition that the plaintiff does not appear merely as a tax-payer of the Municipality of Aguada; but on the contrary alleges that he is a member of the Municipal Assembly of the said town. Under such circumstances he can not be represented before the insular courts by any person other than a representative of The People of Porto Rico. The substitution of Mr. Acosta should never have been ordered, inasmuch as he is the sole and lawful representative in Aguadilla who could have acted as attorney for the petitioner."

The mere statement of a proposition not self-evident on its face does not demand serious consideration.

We assume that the second assignment refers to an incident noted by the stenographer indicating an oral suggestion that the court was without jurisdiction. Upon the overruling of this so-called demurrer counsel for defendant seems to have said:

"Defendant: The attorneys representing the defendants take exception to the ruling of the court basing the same, first: On the fact that there is a Certiorari Act in Porto Rico and that if the intention was to amplify a writ of proceeding of such special nature the law should have been expressly amended. Second: Because the action of the Council of Administration of the town of Aguada in approving a supplemental budget is an act purely legislative and neither the district courts of the Island nor any other court has jurisdiction over the legislative acts of the said juridical body, inasmuch as this municipal juridical organism is a continuation of the Legislative Assembly of Porto Rico, which is the sole judge of its acts."

The argument under the second assignment adds little or nothing to this vague statement. The theory seems to be that the recent law conferring upon the district courts jurisdiction to review by certiorari administrative and legislative municipal action is invalid as amounting to an amendment of the existing Law of Certiorari, for want of compliance with the terms of the Organic Act in regard to the matter

of amendments. Inasmuch as no authority is cited and no very persuasive reason is given to sustain this view, we need not at this time institute a personally conducted investigation of the question so sought to be raised.

The motion to dismiss mentioned in the third assignment challenges the jurisdiction of the court and the sufficiency of the petition upon the following grounds:

"A. Inasmuch as it does not assert or affirm that error was committed in the procedure and because the act of using indiscriminately the items does not constitute error of procedure, but the exercise of authority beyond that possessed by said Council of Administration. The proceedings may be correct although the resulting purposes may not be so. 17 P. R. R. 912.

"B. Because it does not allege the existence in the ordinary course of law of another speedy and efficacious remedy for the protection of the rights of the petitioner. 17 P. R. R. 912.

"C. Because it is not enough to affirm that a judicial ruling or any action is erroneous, but it is necessary to show it *prima facie* in the certiorari petition. The presumption is in favor of the legality of the proceedings. 17 P. R. R. 912.

"D. Because the writ does not lie for the correction of mere irregularities of procedure that do not tend to injure the rights of the parties. 17 P. R. R. 917.

"E. Because the petition must allege that the Council of Administration of Aguada, upon making the transfers referred to in the petition, exercised judicial functions. *Lewis* v. *Bishop*, 19 Wash. 312, 53 Pac. 165; Sutherland Code Pleading & Practice, Vol. 11, page 1997. The said petition must further allege that the Council of Administration exceeded its jurisdictions. Sutherland Code P. & P., Vol. 11, page 1999.

"F. Upon alleging that the Council of Administration exercised judicial functions, he must assert that he has no means of protecting his rights. Sutherland Code P. & P., page 200, Vol. 11.

"G. Because the petition does not allege that it is made in good faith and not to disturb any proceeding or action. *Cunningham* v. *La Crosse Packet Co.*, 10 Min. 297; Sutherland Code P. & P., Vol. 11, page 2005.

"H. Because there is not included in the petition a copy of the record or proceedings sought to be corrected, and therefore, it should

be denied. *State* v. *District Court*, 26 Mount. 224, 67 Pac. 114, y 68 Pac. 470; Sutherland Code P. & P., Vol. 11. page 2005, 2013.

"I. Because it does not allege any reason for such review. Spelling on Injunction and other Extraordinary Remedies, Vol. 11, page 1763.

"J. Because it does not allege that the legislative acts of the Council of Administration of Aguada have caused any injury to the constitutional rights of the plaintiff, or that they are contrary to the Organic Act or the laws of Porto Rico.

"K. Because, as shown by the petition itself, the supplemental budget was approved on August 18, 1920, and it is alleged that an item belonging to school funds was included therein, and the writ of certiorari does not lie, because it is provided by the law that all surplus funds on June 30th of each year shall be considered as municipal funds and may be used in additional budgets."

The petition *supra* speaks for itself. In so far as it may be found not to contain the details omission of which is charged, we are content to say that the cases cited by appellant either turn upon statutory requirements not prescribed by our law, or for other equally obvious reasons are not in point.

The only new contention in the brief upon this phase of the case is based upon the following text:

" * * * the mere fact that the petitioner is a tax-payer and resident of the community to be affected by the proceedings is not of itself sufficient to give him a right to certiorari to review the proceedings of the commissioner; his interest must be greater than that, or at least the injury complained of must be peculiar to him." 5 R. C. L., p. 256, sec. 8.

Perhaps it would be a sufficient answer to this to say that the question was not raised below.

"The general rules governing all appeals and writs of error as to preserving questions for review by objections, exceptions, etc., in the lower court are applicable; and rulings on matters not objected to or urged in the certiorari proceeding, or ruling to which no objection was made or exceptions taken, can not be urged or objected to for the first time in the appellate court." 11 C. J., p. 218, sec. 402.

A reference to the sentence preceding the text from Ruling Case Law quoted by appellant will suffice to show that the "commissioners" referred to are "highway commissioners" engaged "in laying out a highway." Similarly in the note cited by R. C. L. in support of the text quoted by appellant, Ann. Cas. 1913 C, 1910, we find the following:

"A citizen and tax-payer, whose interests are affected adversely by the action of a board or commission without authority or in excess of its powers, is entitled to review its proceedings by certiorari, provided the board or commission was exercising a judicial and not a legislative function. * * * And it has been ruled that a resident and tax-payer in a city is entitled to sue out a certiorari to test the validity of a city ordinance."

And in the same note at page 890 we are told that:

"It is well established that tax-payers, either natural persons or corporations, are entitled to restrain by bill for an injunction, or other appropriate legal proceeding, the misappropriation of public funds through the unauthorized or *ultra vires* acts of public officers, if there is no statute designating some particular officer in whose name the action must be brought for the benefit of all tax-payers."

See also Dillon on Municipal Corporations, Vol. IV, p. 2763, sec. 1579; p. 2767, sec. 1581; p. 2770, sec. 1584; p. 2781, sec. 1586; p. 2783, sec. 1587; p. 2792, sec. 1592, and p. 2795, sec. 1593.

We do not deem it necessary to discuss in detail the question suggested by the fourth assignment. The brief for appellant does not clearly establish any such manifest error as to require a reversal; and the burden in this regard rests upon the appellant and not upon this court.

In arguing the fifth assignment, after what purports to be a copious quotation from the statement by the trial judge, appellant says:

"We agree with the well considered statement made by the court below, with the exception of the part where it refers to the application of the said statutes to the specific facts of this case.

It is true that section 71 of the Municipal Law in force provides that the School Law remained in force in so far as it is not in conflict with the administrative autonomy of the municipality. It is true that the School Law is not in conflict with the Municipal Law in this regard, and it is provided by section 65 thereof that any funds covered into the treasury of each municipality as a school tax provided for in section 63 of the said law shall be used only for school purposes. It is true that our Organic Act provides that all money collected for taxes imposed for special purpose shall be considered as a special fund in the treasury and expended for the said purpose alone, unless it is approved by the President of the United States, and it is also true that the school tax is for a special purpose; but what we do not accept, because it appears nowhere, is that the funds, or any part thereof, composing the supplemental budget of the Municipality of Aguada, whose nullity is sought, are the direct or indirect result of the law for special taxation, school tax. If it could be inferred for any reason that such funds are the result or product of the school tax, we should be the first to admit that the Municipality of Aguada did not have any power and had acted illegally in including them in the supplemental budget.''

The stenographic record contains certified copies of the following letters:

''September 17, 1920.—Mr. Luis R. García, Secretary and Auditor of Aguada, P. R.—Sir:—I hereby acknowledge receipt of your communication of the 13th instant enclosing copy of the supplemental budget approved recently by the Council of Administration of that municipality and to take effect during the current fiscal year, and which we find defective for the following reasons:—1. The said supplemental budget has been made for the amount of $8,345.62, or the total amount of the cash balance on June 30, 1920. This amount includes the sum of $351.88 corresponding to deposits and bonds. The deposits and bonds should not be taken in consideration in making a supplemental budget, inasmuch as this money is not the property of the municipality, since the owners thereof at any time may recover it.—2. The total amount available in making the supplemental budget is $7,993.74, from which should be deducted the outstanding debts on June 30th to be charged to the budget and for which there should be a credit available in the items.—3. The said

sum of $7,993.74 is composed of $5,811.60 corresponding to school funds and $2,182.14 to ordinary funds. Therefore, the total amount of the surplus school funds, according to the Municipal Law, should be used exclusively for the requirements of the municipal department of education and the ordinary surplus funds may be used for the requirements of other municipal departments, or for the requirements of the municipal department of education if it is so set out in the budget. Therefore, please do not give effect to the said supplemental budget in the books of accounts and exhibit this letter to the Council of Administration so that as soon as possible a new supplemental budget may be approved in due form, remitting a copy thereof to this office.—Yours respectfully, J. W. Bonner, Auditor of Porto Rico.''

"September 22, 1920.—Mr. Luis R. García, Secretary and Auditor, Aguada, P. R.—Sir:—I hereby acknowledge receipt of your communication of the 21st instant and in response I wish to inform you that if the item for 'Deposits and Bonds' figures in the budget with a credit of $151.88, this was unduly done and therefore the Assembly by means of an ordinance should transfer the said amount to any of the other items of the funds of the budget, always including in the cash balance on June 30th the sum of $351.88 as a balance on that date in the fund for deposits and bonds. With regard to the cash balance of school funds on June 30th, I wish to give you the following information whereby you will see that this amounts to $5,811.60, taking as a basis the distribution of the balance in cash on April 1, 1920, as ascertained by an inspector of accounts of this office, according to an investigation made at that time and taking in consideration the subsequent receipts and expenses as follows:

| | Ordinary funds. | School funds. | Deposits and bonds. | Total. |
|---|---|---|---|---|
| Bal. Apr. 1/20_____ | 1, 304. 41 | 4, 900. 16 | 351. 88 | 6, 554. 45 |
| INCOMES. | | | | |
| April_____ | 5, 022. 21 | 2, 290. 79 | _____ | 7, 313. 00 |
| May_____ | 460. 98 | 197. 48 | _____ | 658. 46 |
| June _____ | 304. 47 | 58. 90 | _____ | 363. 37 |
| Total_____ | 7, 090. 07 | 7, 447. 33 | 351. 88 | 14, 889, 28 |
| EXPENSES. | | | | |
| April_____·_____ | 1, 299. 47 | 695. 75 | _____ | 1, 995. 22 |
| May_____ | 1, 444. 49 | 362. 83 | _____ | 1, 807. 32 |
| June _____ | 2, 163. 97 | 577. 15 | _____ | 2, 741. 12 |
| Total_____ | 4, 907. 93 | 1, 635. 73 | 351. 88 | 6, 543. 66 |
| Bal. June 30/20 _____ | 2, 182. 14 | 5, 811. 60 | 351. 88 | 8, 345. 62 |

"Information has been received in this office that the Council of Administration at the session held on September 13, 1920, resolved to purchase a house for a municipal hospital for the sum of $5,000 to be charged to the supplemental budget, and with respect to this purchase I wish you would inform me if payment has already been made. In case that it has been made, please inform me of the date and number of the warrant and check, the amount thereof and the name of the person to whom these were issued. Likewise please send me a copy of the ordinance of the Council of Administration authorizing the purchase of the said house, a description of its location and whether the deed of purchase and sale has been executed and duly recorded in the registry of property. As soon as the Council of Administration takes any action on the supplemental budget, please notify me about the matter.—Yours respectfully, (Signed) J. W. Bonner, Auditor of Porto Rico."

These letters are not mentioned nor referred to in the brief. The court below seems to have concurred in the view taken by the auditor. We gather from the brief that counsel for appellant dissented from the conclusion so reached. The "statement and opinion" mentioned by the trial judge in the judgment, *supra,* as forming part thereof was not included in the transcript, and we are not informed as to the reasoning on which the decision of the court below was based.

The judgment appealed from is presumed to be correct, and, in the absence of any clearly established ground for reversal, must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf and Aldrey concurred.

Mr. Justice Franco Soto took no part in the decision of this case.