[No. 2890. Decided May 10, 1898.]

MYER LEWIS, *Appellant*, v. WILLIAM BISHOP, SR., *et al.*, *Respondents*.

TAXATION — BOARD OF EQUALIZATION — ILLEGAL ACTION — REMEDIES —
WRIT OF REVIEW — SERVICE OF NOTICE BY MAIL — ESTOPPEL.

A board of county commissioners, when sitting as a board of equalization, exercises judicial functions in passing upon the valuations of property returned by the assessor; and from its decisions in such matters there is no appeal.

The action of a board of equalization in fixing the valuation of property for taxation is subject to review by the courts, under Laws 1895, p. 115, § 4 (Bal. Code, § 5741), providing for the issuance of the writ of review in cases where an inferior tribunal or board exercising judicial functions has exceeded its jurisdiction or has acted erroneously, and there is no appeal nor any speedy and adequate remedy at law.

The fact that the taxpayer has a remedy by injunction against the treasurer to prevent the sale of his property for taxes illegally assessed, in an action to foreclose the tax lien, to be instituted three years after delinquency, does not afford him such a speedy and adequate remedy as to deprive him of the right to a writ of review.

After the assessor has returned his assessment and filed the lists and books with the clerk of the board of equalization, verified by his affidavit, as required by Laws 1897, p. 160, § 54 (Bal. Code, § 1710), he has no further power to make any corrections therein or addition thereto.

Where a board of equalization, by formal order, has proceeded to raise an assessment from $3,600 to $18,000, they are estopped from claiming that the assessment as returned by the assessor was in fact $18,000.

Under Laws 1897, p. 162, § 58 (Bal. Code, § 1714), a board of equalization has no power to increase the valuation of real property, unless at least five days' notice shall have been given in writing to the owner or agent.

When the notice required by § 58, *supra*, is given by mail, the owner of real property affected by the proposed increase in valuation is entitled to ten days' notice, under Laws 1893, p. 414, § 21 (Bal. Code, § 4891), which provides that in case of service by mail the time of service shall be double that required in a case of personal service.

Where the statute requires notice to a property owner of a proposed increase in the valuation of his property for taxation, an increase without notice is void, even though the conclusion of the board may be fair and in accordance with substantial justice.

Appeal from Superior Court, Jefferson County.—Hon. J. G. McCLINTON, Judge. Reversed.

*Morris B. Sachs*, for appellant.

*Thomas M. Fisher*, for respondents.

The opinion of the court was delivered by

GORDON, J.—The appellant instituted this proceeding in the superior court for Jefferson county for the purpose of obtaining a writ of *certiorari* to review the proceedings of the board of equalization. The lower court, on final hearing, gave judgment against the plaintiff, and thereupon this appeal was prosecuted. It appears from the record that the plaintiff is a citizen of the state of California, and the owner of 18.37 acres of land known as the " Port Townsend Sawmill Property,"

and that said property was assessed for the year 1897 as follows:   Land, $1,600;   improvements, $2,000;   total, $3,600—as appears from the return of the assessor for said county filed with the clerk of the board of equalization on the 1st day of August, 1897.   From the return made to the writ by the respondents it appears that the following orders were made by that board concerning this property:

" On Wednesday, August 11th, the following change in value was ordered:   Myer Lewis, 18 and 37-100 acres, in section 1, township 30, range 1 W., from valuation by assessor of $3,600 to valuation of $9,300."

" Clerk of board to notify Myer Lewis that notice sent him August 11th, 1897, in reference to assessment on lands in section 1, township 30, range 1 W., was in error, and that said assessment is reduced from $18,000 to $17,000.   .   .   . "

On Monday, August 16th, the following proceedings were had and done:

" On motion the board reconsidered its action, taken August 11th, 1897, in the matter of the assessment of Myer Lewis on 18 and 37-100 acres in section 1, township 30, range 1 W., in which it raised the assessment on said land from $3,600 to $9,300; also order made August 12th, 1897, in reference to same matter.   .   .   . "

And the following final order was made:

" Ordered by the board that the assessment of Myer Lewis on 18 and 37-100 acres in section 1, township 30, range 1 W., be raised from $3,600 to $17,000."

Notice of this order was directed to be given by the clerk of the board by mail to Lewis, addressed to San Francisco, and also Port Townsend, citing him to appear on or before August 21st, to show cause why his assessment " should not be so raised."   These notices were placed in the postoffice at Port Townsend, August 17, 1897, at

about the hour of 6 p. m., and on the 21st of August
the board of equalization adjourned. The lower court
found that the true value of the land, according to the
judgment of the assessor, was $16,000; that after deliv-
ering the assessment roll to the board of equalization and
his attention had been called to the assessment the assessor
added a cipher to the $1,600, thereby changing it to
$16,000, and also changed the total from $3,600 to
$18,000; and further found that he intended to assess
it at that sum, and had set down the figure $1,600 in
lieu thereof through inadvertence and mistake. The court
further found

" that said defendants, as such board of equalization, be-
tween the 4th and 21st days of August, 1897, made several
irregular and inconsistent orders in attempting to equalize
the assessment, the intent and result of which was to equal-
ize the same by leaving the valuation of said land stand
at $16,000, and by reducing the valuation placed by the
assessor on the improvements thereon from $2,000 to
$1,000, thereby reducing the total assessed valuation of
said land and improvements of plaintiff from $18,000
to $17,000; . . . that said valuation of $16,000
placed on said land and $1,000 placed on said improve-
ments were fair and reasonable, and not above the value
placed upon other property in the same neighborhood and
similarly situated, and that plaintiff is in no wise wronged
by the action of the said board."

Respondents have moved to dismiss this appeal, contend-
ing that the court had no authority to issue a writ of
review in this case. In support of the motion to dismiss,
it is urged that the board of equalization provided by § 58,
ch. 71, p. 162, Laws 1897 (Bal. Code, § 1714), does not
exercise judicial functions, and that § 4, p. 115, Laws 1895
(Bal. Code, § 5741), restricts the granting of the writ to
cases where

" an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, or one acting illegally, or to correct any erroneous or void proceeding, . . . and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law."

In *Olympia Waterworks v. Thurston Co.*, 14 Wash. 268 (44 Pac. 267), cited by both counsel, it was held that an appeal did not lie from a decision of the board of equalization to the superior court. In the course of the opinion it was said:

". . . . It is claimed by the water company that the equalization of the valuation is in the nature of a judicial proceeding, and within the proper jurisdiction of the courts. There are some cases which so hold, and there are others from courts of equal repute which hold directly to the contrary. But, in our opinion, it is not necessary for the purposes of this case that we should decide as to the nature of the proceeding before the board of equalization."

The disposition of the motion in the present case involves a determination of the character of function exercised by such board, and we have become satisfied that the overwhelming weight of authority is that such boards exercise judicial functions. Cooley, Taxation (2d ed.), p. 422; *Hagar v. Reclamation District*, 111 U. S. 701 (4 Sup. Ct. 663); *Stanley v. Supervisors*, 121 U. S. 535-550 (7 Sup. Ct. 1234); *Stuart v. Palmer*, 74 N. Y. 183 (30 Am. Rep. 289); *State v. Jersey City*, 24 N. J. Law, 662-666; *State v. Morristown*, 34 N. J. Law, 445; *Griffin v. Mixon*, 38 Miss. 424. See authorities given in note to *Hagar v. Reclamation District*, 111 U. S. 710 (4 Sup. Ct. 670).

In further support of the motion to dismiss, it is urged that the plaintiff has a remedy against the treasurer to prevent the sale of the property, if improperly assessed.

We think, however, that the remedy which would be afforded by injunctive relief in such cases is neither speedy nor adequate, and it is doubtful if that remedy could be invoked until some actual interference was threatened. Nor does the fact that the law requires the tax lien to be foreclosed by action in court constitute a sufficient objection to the allowance of the writ. Under the present revenue act, proceedings to foreclose the tax lien cannot be instituted until three years after the 1st day of December next following the date of delinquency. Sess. Laws 1897, p. 182, § 96 (Bal. Code, § 1751). And to require the taxpayer to await the institution of an action to foreclose the tax lien before he can urge the objection to the tax would, in many cases, amount to a denial of justice, and it might often occur that it would be more to the advantage of the property owner to submit to the unjust and illegal tax than to await the institution of the action to foreclose. A tax upon real estate is a first lien upon the property (§ 78, *supra*, Bal. Code, § 1734) and its existence might interfere materially with the right of the owner of the property to dispose of or incumber it. It follows that the motion to dismiss must be denied.

Passing to the merits, the first question to be considered is the right of the assessor to alter or change the assessment after he has returned it and filed the lists and books with the clerk of the board. Laws 1897, p. 160, § 54 (Bal. Code, § 1710) requires him to file the same on or before the first Monday in August, and to verify it by his affidavit. We think that when this has been done it is beyond the power of the assessor to make any corrections therein or additions thereto. The statute nowhere authorizes him to interfere with the rolls after the same have been filed, and there are many reasons why he should not be permitted to do so. No notice of his

assessment is required to be given to the property owner. The law fixes the time when the assessor shall file in a public office his return of the assessment. That operates as notice, and affords opportunity to the property owner to ascertain what his assessment is. If satisfied therewith, he need give the matter no further consideration, unless thereafter he receives notice of any proposed increase.

The various orders made by the respondents in this case were inconsistent, but by their final order all former action in reference to plaintiff's property was rescinded, and as a substitute for former orders, and in lieu thereof, they proceeded to raise the assessment from $3,600 to $17,000. Respondents are not, therefore, in the position to say that the assessment as returned by the assessor was $18,000 or anything excepting what they finally recognized it to be, viz., $3,600.

The remaining question is, in proceeding to raise the assessment did they exceed their jurisdiction? Laws 1897, p. 162, § 58, provides:

"First. They shall raise the valuation of each tract or lot of real property which in their opinion is returned below its true and fair value to such price or sum as they believe to be the true and fair value thereof, after at least five days' notice shall have been given in writing to the owner or agent."

The so-called notice mailed to plaintiff was wholly insufficient under this statute, and amounted to no notice whatever; in fact, no effort to sustain it has been made in this court. It was not mailed until the 17th, and required the plaintiff to show cause on or before the 21st. Had it been actually served on the 17th, it would still have been insufficient, because the time afforded was but four days, when the statute entitled the plaintiff to five days' notice. But we think where such notice is given by mail it is

governed by § 21, ch. 127, p. 414, Sess. Laws 1893 (Bal. Code, § 4891) which requires:

"In case of service by mail, the papers shall be deposited in the postoffice, addressed to the person on whom it is served, at his place of residence, and the postage paid; and in such case the time of service shall be double that required in a case of personal service."

But it is claimed by respondents that the proceedings show an honest effort to get the proper value and a fair and just assessment, and that substantial justice has been done; that there is no claim that the property was assessed at a higher rate than the adjoining property; or that the value of the improvements placed upon the land was not fair and reasonable. It is sufficient answer to say that the statute, in accord with the spirit of the constitution, contemplates that the property owner shall have a right to be heard before the value of his property as fixed by the assessor is raised, and it is no justification of the action of the respondents proceeding without notice, where notice was required to be given, to say that the conclusion reached by them was fair and accords with substantial justice. It will be time enough to determine those questions after the opportunity for hearing which the law has afforded the parties has been given. The granting of the writ in the present case is simply to place the parties in the position that they were in before the board of equalization took any action in the premises, and under such circumstances the statute affords ample provision for the correction of any mistakes that may have occurred, and makes it possible that plaintiff's property shall be charged with its just burden of taxation.

The judgment dismissing the writ must be reversed, and the cause remanded for further proceedings.

SCOTT, C. J., and ANDERS, DUNBAR and REAVIS, JJ., concur.