[No. 34461. *En Banc.* September 18, 1958.]

GOODNOE HILLS SCHOOL DISTRICT NO. 24, KLICKITAT COUNTY *et al., Appellants, v.* GRACE M. FORRY, *as County Superintendent of Schools, Respondent.*[1]

[1]Reported in 329 P. (2d) 1083.

Simmons, Simmons & Yates, for appellants.

The Attorney General and Elvin J. Vandeberg, Assistant, for respondent.

DONWORTH, J.—This action was brought by appellants to challenge the validity of Laws of 1955, chapter 344, and Laws of 1953, chapter 229, and the procedure pursuant to which the two nonhigh school districts named as appellants herein were ordered dissolved and annexed to Goldendale School District No. 404, a high school district. The action was brought against respondent Forry in her official capacity as county superintendent of schools and secretary of the county committee to have the orders of dissolution and annexation which were signed by her declared void.

All school districts involved herein are located within Klickitat county. Appellants are the Goodnoe Hills and Cliffs school districts and all taxpayers resident therein, and the Rock Creek Indian tribe, represented by its chief. For convenience, and unless otherwise specified, we shall hereinafter refer to appellant school districts as Goodnoe Hills and/or Cliffs, and Goldendale School District No. 404 as District No. 404.

Briefly stated, the factual background underlying this controversy appears to be as follows:

Pursuant to the request of District No. 404, the Klickitat county committee on school district organization met and

agreed upon a plan under which four nonhigh school districts, including Goodnoe Hills and Cliffs, would jointly participate with District No. 404 in providing the total cost of an addition to the latter's high school facilities.

Under this plan, and in order to obtain the amount required ($327,000), the committee agreed that each of the participating districts would contribute a certain proportionate share. District No. 404 was to provide seventy-one per cent or $232,170; Goodnoe Hills, four per cent or $13,080; and Cliffs, three per cent or $9,860. The balance (twenty-two per cent) was to be provided by the remaining two nonhigh school districts, which are not now involved in this controversy.

The proportionate share to be borne by District No. 404 had been theretofore provided for by the voters' approval of a bond issue, in the amount of $245,000, at a special election held June 15, 1954. This election was held pursuant to a resolution adopted by the board of directors of District No. 404 in April, 1954.

Shortly after July 14, 1954, a letter bearing that date, subscribed by the chairman of the board of directors of District No. 404, was transmitted to the county committee on school district organization. This letter, expressing the desire of the directors of District No. 404 that Goodnoe Hills, Cliffs, and the two other nonhigh school districts then involved participate in the cost of constructing the contemplated capital improvements, was, in effect, a confirmation of a prior oral request reduced to writing for the purpose of assuring technical compliance with Laws of 1953, chapter 229, § 1.

Thereafter, on July 20, 1954, respondent, as secretary of the county committee, posted notices of public hearings (as required by Laws of 1953, chapter 229, § 1, p. 553) to be held in Goodnoe Hills and Cliffs on August 12th and 10th, 1954, respectively, upon the committee's proposal for participation by these districts in financing the cost of the proposed facilities. These meetings were held as scheduled.

Following a meeting of the county committee on September 1, 1954, the committee, by letter dated September

2, 1954, requested the approval by the state board of education of the respective amounts formulated in the committee's plan of July 14, 1954.

By letter of September 23, 1954, respondent was advised by the state superintendent of public instruction that the committee's proposal for financing the high school facilities in District No. 404 had been approved by the state board of education.

Elections were held in Goodnoe Hills and Cliffs on February 26, 1955, at which time the voters thereof soundly rejected the participative financing plan proposed by the county committee.

On April 1, 1955, Laws of 1955, chapter 344, p. 1478, amending Laws of 1953, chapter 229, became operative by declaration of an emergency by the legislature (§ 18).

A second election on the committee's proposal for participation was held in Goodnoe Hills on June 10, 1955. A similar election was held in Cliffs on July 8, 1955. The proposal was again rejected in each district.

The county committee met on July 8, 1955, and agreed that a public hearing be held on the question of the annexation of Goodnoe Hills and Cliffs to District No. 404. Pursuant to notices given for that purpose, a public meeting was held July 21, 1955, at the conclusion of which the county committee voted to annex Goodnoe Hills and Cliffs to District No. 404, subject to the approval of the state board of education.

The state board of education approved the county committee's action, and, on September 8, 1955, respondent entered orders dissolving Goodnoe Hills and Cliffs and annexing them to District No. 404. This suit followed.

In their complaint, appellants set out four separate causes of action, one of which was dismissed prior to trial. After the conclusion of trial, the court rendered a memorandum opinion, and, in conformance therewith, entered findings of fact, conclusions of law, and judgment dismissing appellants' three remaining causes of action. This appeal is prosecuted from that judgment.

Appellants set forth in their brief twenty-six assignments of error. Collectively, these challenge the correctness of thirteen findings of fact, five conclusions of law, the judgment of dismissal made and entered by the trial court, and the rejection of certain findings of fact proposed by appellants. In their brief, appellants have divided these assignments of error into four separate grounds for reversal. These will be considered in the order presented.

First, it is contended that chapter 344, Laws of 1955, p. 1478, is violative of Art. II, § 19, of the Washington state constitution, which provides:

"No bill shall embrace more than one subject, and that shall be expressed in the title."

Chapter 344, Laws of 1955, is entitled:

"An Act relating to school districts; providing for participation by nonhigh school districts in financing high school facilities or for annexation of such nonhigh school districts; creating taxing areas within certain nonhigh school districts; providing for the participation by such taxing areas in financing high school facilities or for the annexation of such taxing areas; amending sections 1 through 7, chapter 229, Laws of 1953 and RCW 28.56.010 through 28.56.070; and providing the effective date of this act."

Appellants argue that included within this title are two subjects connected by the disjunctive "or," *viz.*, the first subject being the voluntary participation in financing high school facilities by a vote of the people in nonhigh school districts, and the second subject providing for annexation of such districts to a high school district without such vote.

Appellants have cited *Washington Toll Bridge Authority v. State*, 49 Wn. (2d) 520, 304 P. (2d) 676 (1956), as supporting their position in this regard. But, there we were concerned with original legislation, whereas, in the present case, the 1955 act is amendatory of the original legislation (1953 act).

■ Since chapter 344, Laws of 1955, is amendatory of chapter 229, Laws of 1953, we must look to the title of the latter in any event, because

" . . . the sufficiency of the title of an amendatory act will not be inquired into, if the new matter is within the

purview of the title of the original act." *Keeting v. P. U. D. No. 1 of Clallam County,* 49 Wn. (2d) 761, 306 P. (2d) 762 (1957).

The title of the original act (Laws of 1953, chapter 229, p. 553) reads:

"An Act providing for participation by non-high school districts in providing capital funds for financing the cost of high school facilities."

Sections 6 and 7 of the amendatory act (chapter 344, Laws of 1955) provide alternative means of accomplishing the single result designated in the title of the original act. Should the electors of a nonhigh school district refuse to voluntarily contribute capital funds for financing the cost of high school facilities, such nonhigh school district *may* be annexed. The annexation feature of the 1955 act is but a means of enforcing involuntarily that which the electors have refused to do voluntarily.

In *Gruen v. State Tax Comm.,* 35 Wn. (2d) 1, 21, 211 P. (2d) 651 (1949), we quoted with approval the statement contained in *Randles v. State Liquor Control Board,* 33 Wn. (2d) 688, 206 P. (2d) 1209, 9 A. L. R. (2d) 531 (1949), wherein we said:

"A title does not need to be an index to the contents of a measure. The purpose of a title is to call attention to the subject matter of the act, so that anyone reading it may know what matter is being legislated upon, and is sufficient when it is broad enough to accomplish that purpose. All incidentals germane to a title may be brought within the legislation although not specifically referred to in such title."

The title of the original (1953) act before us being general, it must be held sufficient to include the annexation feature contained in the amendatory act (1955). The latter cannot, therefore, be held to be constitutionally repugnant on this ground.

Appellants next contend that chapter 344, Laws of 1955, violates Art. I, § 3, of the Washington constitution, which provides:

"No person shall be deprived of life, liberty, or property, without due process of law."

They also argue that the amendatory act of 1955 contravenes the provisions of Art. IX, § 1, and Art. I, § 32, of our state constitution. These conclusions are based upon two erroneous concepts: (1) That the electors have an absolute right to vote on all questions of annexation, and (2) that chapter 344, Laws of 1955, constitutes an unlawful delegation of legislative power for want of sufficient procedural standards.

That the first of these arguments is untenable is settled by our decision in *Wheeler School Dist. v. Hawley*, 18 Wn. (2d) 37, 137 P. (2d) 1010 (1943), wherein we said:

"In the absence of specific constitutional inhibition, the legislature has plenary power over municipal corporations. In 1 Dillon on Municipal Corporations (5th ed.), p. 617, §§ 355, 357, the power is described as follows:

" 'Not only may the legislature originally fix the limits of the corporation, but *it may, unless specially restrained in the Constitution, subsequently annex,* or authorize the annexation of, contiguous or *other territory, and this without the consent, and even against the remonstrance, of the majority of the persons residing in the corporation or on the annexed territory. . . .' "

The second contention is equally untenable, because the 1955 act does contain adequate standards for the guidance of the county committee in the discretionary exercise of its authority to annex nonhigh school districts. These standards, which need not be herein set out at length, are found throughout the act. Those referring particularly to annexation are found in §§ 2 and 6.

Appellants have directed our attention to RCW 28.57.070 and 28.57.090, relating to the *formation of new* school districts and the provisions for voting therein contained. Our attention has not been called to anything therein which is inconsistent with the provisions of chapter 344, Laws of 1955, providing for annexation of existing nonhigh school districts to existing high school districts. The foregoing reasons compel the conclusion that chapter 344, Laws of

1955, does not contravene the particular constitutional provisions relied upon by appellants.

It is next asserted that the 1953 act was repealed by the 1955 act, which amended all seven sections of the former. Hence, appellants contend that the proceedings taken prior to the effective date of the 1955 act (April 1, 1955) were null and void. In this connection, it is to be noted that the procedure, except for annexation, contained in the original act (1953) was re-enacted in substantially the same language in the amendatory act of 1955.

■ Appellants' argument on this point falls squarely within the rule followed by this court in *In re Yakima Amusement Co.*, 192 Wash. 174, 73 P. (2d) 519 (1937), that:

"An amendatory statute which sets out in full all that the statute, as amended, is intended to contain, becomes a substitute for the statute amended. This does not necessarily mean that the original is abrogated for all purposes. So much of the original as is repeated in the later statute without substantial change, is not repealed and reenacted, but is continued in force without interruption from the time it was first enacted. 59 C. J. 925. . . ."

See, also, *Spokane & Eastern Trust Co. v. Hart*, 127 Wash. 541, 221 Pac. 615 (1923), quoting 25 R. C. L. 907, and 1 Sutherland, Statutory Construction (3d ed.), 441.

Appellants apparently misconstrue the import of our decision in *State ex rel. Gebhardt v. Superior Court*, 15 Wn. (2d) 673, 131 P. (2d) 943 (1942), upon which they principally rely for authority. In that case, we held only that an amendatory act which does not carry forward a section of the act amended, repeals such omitted section. In reaching that conclusion, we quoted with approval from *Bierer v. Blurock*, 9 Wash. 63, 36 Pac. 975 (1894), as follows:

" 'Under the provisions of § 37 of art. 2 of our constitution, a section of an act cannot be amended by any reference thereto, but such amendment must be by setting forth the amended section at full length. It must follow that whenever the legislature provides, as it did in the above stated amendment, that a certain section of a law shall be amended "so as to read as follows," that the effect of such act is to substitute the language of the amended section in place of the

section amended, and to repeal every provision of the old section.

. " 'Such being the effect of the passing of the amendatory section, it took the place of the old section and repealed all of its provisions *not contained* in the section as amended.' " (Italics ours.)

In 25 R. C. L. 907, § 159, the rule is stated as follows:

"[Where a section of a statute is amended, the original ceases to exist, and the section as amended supersedes it and becomes a part of the statute for all intents and purposes as if the amendments had always been there.] *Hence a subsequent statute making a second amendment of the original act need not make special reference to the first amending act. When a statute continues a former statute law, that law common to both acts dates from its first adoption, and only such provisions of the old act as are left out of the new one are gone, and only new provisions are new laws.* (Where an act is amended 'so as to read as follows' the part of the original act which remains unchanged is considered as having continued in force as the law from the time of its original enactment and the new portion as having become the law only at the time of the amendment.)" (Brackets, italics and parentheses ours.) ·

■ The bracketed portion of this section was quoted with approval in the *Gebhardt* case and in *Henry v. McKay*, 164 Wash. 526, 3 P. (2d) 145, 77 A. L. R. 1025 (1931), and tends to give force to appellants' argument. However, the portion contained in parentheses was approved by this court in *Spokane & Eastern Trust Co. v. Hart, supra.* We hold the last portion of the quotation (the part in parentheses) to be applicable to the situation presently confronting us. Applying this language, and the italicized portion which immediately precedes it, to the instant case, the conclusion is impelled that the proceedings taken toward effecting voluntary participation under the 1953 act were not rendered void by the amendatory act of 1955, which embodied the same procedure.

■ Appellants also contend that the proceedings taken pursuant to chapter 229, Laws of 1953, where defective in certain respects and/or that the evidence fails to show compliance with certain duties imposed by the act. No useful

purpose would be served in setting out and answering herein appellants' lengthy argument in support of these contentions. Suffice it to say that our review of the record convinces us that they are without merit. Furthermore, it must be remembered in this connection that the burden was not upon respondent to show compliance with the law. On the contrary, the duty was upon appellants to show noncompliance on the part of the various committees and officials involved in this controversy. Appellants are in no position to ask for a reversal because of their own failure of proof.

 Finally, it is contended that the county committee acted arbitrarily and capriciously in annexing Goodnoe Hills and Cliffs to Dist. No. 404. The record discloses sharp conflict of opinion in the testimony as to whether Goodnoe Hills and Cliffs are so isolated and remote as to exempt them from annexation. Appellant electors argue in the affirmative. However, the fact remains that for many years a majority of students attending high school from these districts have attended the school maintained by district No. 404. We find nothing arbitrary and capricious in an annexation which results in the taxpayers of Goodnoe Hills and Cliffs bearing an equitable portion of the capital expense necessary to provide suitable facilities for the high school education of their children. Since the county committee properly exercised its powers in the premises, the courts cannot substitute their judgment for the decision of the committee, even though they might not agree with the committee's action.

Nor do we find anything in the record which supports appellants' assertion that the state board of education unduly influenced the county committee to act under an erroneous interpretation of the law.

Appellants' only available remedy for the situation of which they complain lies within the domain of the legislature and not the jurisdiction of the courts.

Judgment affirmed.

ALL CONCUR.