[No. 34826.   Department Two.   July 23, 1959.]

*In the Matter of the Appeal of* WILLIAM E. TOWNSEND.

WILLIAM E. TOWNSEND, *Respondent*, v. THE EMPLOYMENT SECURITY DEPARTMENT, *Appellant.*[1]

[1]Reported in 341 P. (2d) 877.

The Attorney General, Paul J. Murphy, John J. Champagne, and Philip R. Meade, Assistants, for appellant.

John Hancock, for respondent.

ROSELLINI, J.—The employment security department appeals from a judgment of the superior court of Okanogan county, setting aside an order of the commissioner which affirmed a determination by an appeal tribunal of the department that the respondent was not eligible for unemployment compensation because he was not available for work, as required by RCW 50.20.010.

It is well settled that, in cases such as this, the administrative determination of the facts is conclusive, unless it be wholly without evidential support, or wholly dependent on a question of law, or clearly arbitrary or capricious. Jacobs v. Office of Unemployment Compensation & Placement, 27 Wn. (2d) 641, 179 P. (2d) 707; In re St. Paul & Tacoma Lbr. Co., 7 Wn. (2d) 580, 110 P. (2d) 877.

According to the findings of the appeal tribunal, the respondent, a miner, left his work at the Howe Sound Mining Company, Holden, Washington, voluntarily, because he wanted to get out of mining for a while, and for the further reason that he knew the mine was to be closed down on June 27, 1957. After leaving the Howe Sound Mining Company, he traveled into several of the western states looking for work as a miner. In July, the respondent married the postmistress at Conconully, and since then has been living in that community, which is a small town with a population of two hundred fifty and very few opportunities for a miner. The respondent filed his application for benefits on August 23, 1957, and his only efforts to obtain employment, prior to the time of his hearing before the appeal tribunal, had been to talk with friends and workers who were familiar with the mining situation. The respondent was not willing to accept a job which paid less than the eighteen dollars a day he had been earning as a miner.

RCW 50.20.010 (3) conditions eligibility for compensation on a finding by the commissioner that the claimant

" . . . is able to work and is available for work in any trade, occupation, profession, or business for which he is reasonably fitted. To be available for work an individual must be ready, able, and willing, immediately to accept any suitable work which may be offered to him and must be actively seeking work pursuant to customary trade practices and through other methods when so directed by the commissioner or his agents; . . . "

Applying this section, the appeal tribunal concluded:

"After hearing the appellant, he has not satisfied us that he has been making the determined effort to find work that is contemplated by the Act. While we realize that work in mining is very slow at the present time, we did get the impression from the appellant that he has not made any applications for work directly with mining operators. It would also appear that if there were no opportunities for him to find work in the mines that he would have made an effort to seek work in other fields."

The burden is upon the claimant to establish his rights to the benefits under the act, and this burden of proof never shifts during the course of the trial. *Jacobs v. Office of Unemployment Compensation and Placement, supra.*

We have examined the record and find ample evidence to support all of the findings of the appeal tribunal. While the respondent expressed his willingness to go any place to work as a miner if a job were offered him, he admitted that he had not approached any employer about a job and based on hearsay his conviction that no suitable jobs were available. Furthermore, he was unwilling to accept any job, even though he might be fitted to perform it, unless the wages compared to those he had been receiving. While a claimant should not be required to work for an unreasonably low wage, this inflexible condition set up by the respondent, coupled with the fact that he had voluntarily removed himself from the mining regions and had made no application for work, tends strongly to justify the conclusion reached by the tribunal that his pursuit of employment did not meet the requirements of the statute. There being substantial evidence to support the findings of

the appeal tribunal, and no question of law having been raised, the trial court erred in setting aside the administrative decision.

The judgment is reversed and the commissioner's order is reinstated.

WEAVER, C. J., HILL, FINLEY, and FOSTER, JJ., concur.

[1]Reported in 341 P. (2d) 869.