58 Wn.2d 371 (1961)
363 P.2d 129
OKANOGAN COUNTY SCHOOL DISTRICT NO. 400, Respondent,
v.
LLOYD J. ANDREWS, as Superintendent of Public Instruction, et al., Appellants.[*]
No. 36038.
The Supreme Court of Washington, Department Two.
June 28, 1961.
The Attorney General and Robert J. Doran, Assistant, for appellants.
Philip W. Richardson and Joseph P. Delay, for respondent.
DONWORTH, J.
Okanogan county school district No. 400 seeks (and has sought since 1955) standard accreditation for Molson high school. The state board of education has, since 1955, denied such accreditation. Probationary accreditation was granted for the school year 1955-56, but since that time Molson has operated as a non-accredited high school. In 1960, as in previous years, the school district (respondent) applied to the state board of education (appellant) for accreditation. *372 Accreditation was again denied and respondent school district requested a hearing before appellant board. A hearing was held on June 20, 1960, and the following day respondent school district's application for accreditation was denied.
On July 29, 1960, respondent school district applied for a writ of certiorari to the superior court of Thurston county, seeking review of appellant board's order denying accreditation. The writ was promptly issued by the court. After considering the record of the proceedings before appellant board, along with the briefs and oral arguments of counsel, the court reversed appellant board's order denying accreditation. As a result, on March 13, 1961, the superior court directed appellant board to grant Molson high school
"... standard accreditation for the school year 1960-61 and to accord to said District and high school all of their rights attendant upon its being declared and accorded standard accreditation under the laws of the State of Washington as a fully accredited public high school and high school district; ..."
Throughout the proceedings, respondent school district contended that its high school complied with the rules promulgated by appellant board concerning accreditation. The rule of appellant board reads as follows:
"Standard Accreditation: A school which meets all minimum standards shall be granted standard accreditation. High schools must have a minimum of 36 students in average daily attendance for accreditation. High schools having less than 36 A.D.A. may receive consideration for accreditation provided (a) that the county committee on school district organization, after study of all factors involved, submits recommendations to the Board, following which the Board shall determine that the high school is geographically remote and necessary; and (b) that the quality of the high school program meets established standards of the State Board of Education.
"Schools with less than 36 A.D.A. must apply annually for accreditation."
Pertinent portions of appellant state board's findings and recommendations regarding Molson high school are set forth below.
*373 "MOLSON HIGH SCHOOL
"MOLSON SCHOOL DISTRICT No. 400, OKANOGAN COUNTY

"Present Accreditation: None

"Enrollment: ... 29
"...
"School Plant:
"... Although some effort has been made to improve the physical facilities, there is really very little that could be done to improve the school plant. The building is very old, and there is evidence of sagging in many of the main supports; cracks in walls, slanting door frames and floors.... The gymnasium is one of the poorest high school gymnasiums in the state; the dressing room is crowded and difficult to keep clean and sanitary....
"Program and Instruction:
"... Science equipment and facilities are inadequate, and need improvement....
"Geographical Location:
"The County Organization Committee in its report in 1956 to the State Board of Education recommended ultimate consolidation with Oroville, and no other action has been taken by this committee since that date. During the present school year, a member of the State School District Organization staff made two visitations to Molson to re-examine the geographical location in regard to the determination of remoteness. One visit was made in January, the other in May. The School District Organization staff does not recommend that Molson High School be regarded as a necessary center. It was noted that an Oroville school bus travels daily over most of the upper and lower canyon roads and only rarely has been unable to make the trip in the past several years. The Molson District is a mountainous area and some of the school bus routes could be difficult in bad weather. However, this situation could be alleviated through employment of several small vehicles to serve the area that is adjacent to the oiled highways. The larger buses could then operate on the better roads.
"Conclusion:
"... It has been recognized for several years that the facilities are old and worn out, and very little has been done in recent years to improve these facilities. These conditions continue to affect the program and the hiring and retention of a good staff necessary to carry out an adequate program. The County Committee on *374 School District Organization has not recommended that Molson High School be recognized as geographically remote, and the State School District Organization staff does not consider this district to be a remote and necessary high school center.
"Recommendation:
"Since the facilities and program are considered inadequate, and since the average daily attendance is less than 36, and the high school is not judged to be remote and necessary, it is recommended that accreditation not be granted to Molson High School for the school year 1960-61."
Essentially, this case raises two questions: (1) Did the superior court have jurisdiction to review by certiorari the action of appellant board in denying accreditation to Molson high school, and (2) if the court did have jurisdiction, to what extent, if any, may the court substitute its own judgment for that of the board?
The alleged jurisdictional basis for this action is found in RCW 7.16.040, which provides that:
"A writ of review shall be granted by any court, except a police or justice court, when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, or one acting illegally, or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law." (Italics ours.)
[1] The crucial question is just what did the legislature mean by the term "judicial functions," as distinguished from legislative or administrative functions? As stated by Professor Davis in his four-volume treatise on administrative law:
"Perhaps as good a criterion as any for determining what is judicial is merely to compare the action in question with the ordinary business of courts: that which resembles what courts customarily do is judicial, and that which has no such resemblance is nonjudicial."[1] *375 Cf. Belk's Department Store v. Guilford County, 222 N.C. 441, 446, 23 S.E. (2d) 897, 902 (1943), where the court said:
"... The action could only be judicial in any proper sense if it went to the determination of some right the protection of which, under our system of jurisprudence, is the peculiar office of the courts...."
In Floyd v. Department of Labor & Industries, 44 Wn. (2d) 560, 269 P. (2d) 563 (1954), this court stated that:
"... Another test [for determining whether or not an administrative agency is performing a legislative as distinguished from a judicial function] is whether the function ... is one that courts historically have been accustomed to perform and had performed prior to the creation of the administrative body...."
In considering the question of the jurisdiction of the superior court to review the action of appellant board, we must have in mind the pertinent statutory provisions relative to its creation and functions.
The legislature, in RCW 43.63.010, provided that the state board of education should be comprised of two members from each congressional district in the state who have been elected by the members of the boards of directors of the school districts thereof. At the present time, the board consists of fourteen members. By RCW 43.63.110, the superintendent of public instruction is ex officio president of the board.
[2] The powers and duties of the board are prescribed in RCW 43.63.140. The only provision applicable to the present case is the following:
"The state board of education shall: ...
"(5) Examine and accredit secondary schools: Provided, That no public high school or private academy shall be placed upon the accredited list so long as secret societies are allowed to exist among its students; ..."
There is no statutory provision for an appeal to, or review by, the superior court in respect to the decisions or rulings of the board. Cf. RCW 28.88.
The standards adopted by appellant board for high schools having less than an average daily attendance of thirty-six *376 students (quoted above) state that such high schools may receive consideration for accreditation if the board determines (a) that the particular school is "geographically remote and necessary," and (b) that the quality of the high school program "meets established standards" of the board.
In our opinion the determination of the existence or nonexistence of these qualifications is definitely not a matter which is, or ever has been, within the province of the courts. Such an issue does not resemble what courts customarily deal with. In exercising its discretion to grant or deny accreditation to a high school having less than thirty-six daily attendants, the board was not exercising a judicial or even a quasi-judicial function. The nature of the act performed by the board is distinctly legislative or administrative as distinguished from judicial. See footnote 1.
Since we have reached the conclusion that the trial court had no jurisdiction to review the decision of appellant board, we have no occasion to pass upon respondent's alternative contention that the board acted arbitrarily or capriciously in denying accreditation to Molson high school.
We have examined the several prior decisions of this court which have been referred to in the briefs of the parties as bearing upon the problem presented here. Most of them are distinguishable because a statutory right of review by the superior court was specifically provided. None of them supports respondent's contention that in matters relating to school administration the courts have power to review the action of the administrative boards or officers in the absence of such right of review.
Since, in our opinion, the superior court lacked jurisdiction in this case to review, by writ of certiorari, appellant state board's order denying accreditation, we do not find it necessary to consider appellant's assignments of error other than its first one.
For the foregoing reasons, the judgment of the superior court of Thurston county is reversed with directions to dismiss the proceeding for lack of jurisdiction.
OTT and HUNTER, JJ., concur.
*377 HILL, J. (concurring in the result)
It is my view that the superior court did have jurisdiction, but that the judgment should be reversed because the evidence clearly supports the position of the state board of education: that the Molson high school is not so geographically remote that its continuation is necessary.
FINLEY, C.J., concurs with HILL, J.
NOTES
[*] Reported in 363 P. (2d) 129.
[1] 3 Davis, Administrative Law Treatise, 390, 395, § 24.02.