[No. 1403-1.    Division One—Panel 1.    April 9, 1973.]

KENNETH B. WIGMOSTA, *Respondent,* v. THE CITY OF SEATTLE *et al., Appellants.*

*A. L. Newbould* and *E. Neal King,* for appellants.

*Rutherford, Kargianis & Austin* and *Russell A. Austin, Jr.,* for respondent.

JAMES, J.—Claiming disability, plaintiff Kenneth Wigmosta retired from the fire department of the City of Seat-

tle after some 19 years of employment. The issue presented by this action is whether the Firemen's Relief and Pension Board correctly determined that his disability was not incurred in the performance of duty.

The trial judge ruled that Wigmosta "incurred his disability as a direct result of his employment" and was accordingly entitled to receive the maximum retirement benefits provided by RCW 41.18.050 and .060. We do not agree.

The record on appeal reveals that, in addition to reviewing the record of the proceedings of the pension board, the trial judge considered testimony and evidence which was not presented to or considered by the board. The formal findings of fact disclose that the trial judge expressly relied upon such testimony and evidence to support a finding that the board acted "arbitrarily."

Concerning the duties and powers of the pension board, RCW 41.16.040 provides that: "Said board shall hear and decide all applications for such relief or pensions under this chapter, and its decisions on such applications shall be final and conclusive and not subject to revision or reversal except by the board." Notwithstanding this legislative fiat that decisions of the board are final and conclusive, its rulings are subject to judicial review. *State ex rel. Shannon v. Sponburgh*, 66 Wn.2d 135, 401 P.2d 635 (1965); *State ex rel. Cosmopolis Consol. School Dist. 99 v. Bruno*, 59 Wn.2d 366, 367 P.2d 995 (1962). Such review is limited, however, to a determination of whether the board acted arbitrarily and capriciously. *Darnell v. Seattle*, 29 Wn.2d 713, 189 P.2d 243 (1948). But in making such determination, the superior court sits "as a court of review, not as a court of original jurisdiction." *Benedict v. Board of Police Pension Fund Comm'rs*, 35 Wn.2d 465, 481, 214 P.2d 171, 27 A.L.R.2d 992 (1950).

The trial judge erred in considering testimony and evidence which was not considered by the board. The issue before the board required the evaluation of conflicting testimony of expert medical witnesses. The board chose to accept the opinion of one such expert. Its decision to do so

can be reviewed only to determine if, in doing so, the board acted arbitrarily and capriciously.

> Arbitrary and capricious action of administrative bodies means willful and unreasoning action, without consideration and in disregard of facts or circumstances. Where there is room for two opinions, action is not arbitrary or capricious when exercised honestly and upon due consideration, even though it may be believed that an erroneous conclusion has been reached.

*DuPont-Ft. Lewis School Dist. 7 v. Bruno,* 79 Wn.2d 736, 739, 489 P.2d 171 (1971).

█ In his oral opinion, the trial judge stated that he was personally acquainted with Wigmosta's medical experts, and he chose to believe them. To thus judge witness credibility is beyond the scope of proper judicial review.

> A decision by an administrative commission is not arbitrary and capricious simply because a trial court and this court conclude, after reading the record, that they would have decided otherwise had they been the administrative commission.

*State ex rel. Perry v. Seattle,* 69 Wn.2d 816, 821, 420 P.2d 704 (1966).

Reversed.

SWANSON, C.J., and FARRIS, J., concur.

Petition for rehearing denied June 27, 1973.

Review denied by Supreme Court August 28, 1973.