# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| DAVID HALL, | ) | No. 76402-1-I |
| | ) | |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| STATE OF WASHINGTON | ) | |
| DEPARTMENT OF EMPLOYMENT | ) | |
| SECURITY, | ) | |
| | ) | PUBLISHED OPINION |
| | ) | |
| Respondent. | ) | FILED: August 6, 2018 |
| | ) | |

MANN, A.C.J. — The Employment Security Department (Department) denied David Hall unemployment benefits after finding Hall voluntarily quit his job without good cause. On appeal to the superior court, Hall did not dispute this conclusion, and instead raised new legal issues that he had not argued during the adjudicative process. The superior court affirmed the Department's decision, but remanded for fact-finding on the newly raised issues. The superior court denied Hall's request for attorney fees. Hall appeals the ruling denying attorney fees. We affirm.

## FACTS

Hall worked as a salesperson for C&R Boger Construction for three months before he voluntarily quit. After quitting, Hall applied for unemployment benefits. The Department denied Hall's application for benefits after determining Hall did not have good cause to quit his job under RCW 50.20.050(2)(a). Hall appealed and an administrative law judge (ALJ) affirmed. Hall appealed the ALJ decision to the Department's commissioner. The commissioner affirmed, concluding Hall was ineligible for benefits because he did not have statutory good cause to quit his job. Hall filed a petition for review before the King County Superior Court under RCW 50.32.120 and RCW 34.05.570.

On appeal, Hall did not challenge the commissioner's conclusion that he quit his job without good cause. Hall instead raised two new legal issues that he had not argued at the administrative level: (1) that Hall's job at his former employer is not covered employment under RCW 50.04.235 because Hall worked as an "outside salesperson," and (2) that Hall's job as a commissioned salesperson was not "suitable" work under RCW 50.20.100 and 50.20.110. The Department objected to the introduction of the two new issues, arguing they were barred under RCW 34.05.554(1). The Department also argued the newly raised issues would not have changed the Department's decision.

The superior court affirmed the commissioner's findings and conclusions. However, the superior court remanded the matter to the Department to consider the two

No. 76402-1-I/3

new issues raised by Hall pursuant to RCW 34.05.554(1)(a), (b), and (d).[1] After filing an unsuccessful motion for reconsideration, the Department did not appeal.[2]

Hall then requested attorney fees under the Employment Security Act, RCW 50.32.160. The superior court denied the request, reserving the issue of fees until after remand, but only if further judicial review is taken. Hall moved for reconsideration, arguing, in the alternative, that he was entitled to fees under the equal access to justice act, RCW 4.84.350. The superior court denied Hall's motion for reconsideration. Hall appeals the superior court's order declining to award attorney fees and costs.

## ANALYSIS

Hall argues he is owed attorney fees and costs under RCW 50.32.160, or alternatively, RCW 4.84.350. Whether a statute authorizes attorney fees is a question of law that we review de novo. Albertson's, Inc. v. Emp't Sec. Dep't, 102 Wn. App. 29, 45, 15 P.3d 153 (2000).

### RCW 50.32.160

We first address whether Hall was entitled to his attorney fees and costs under RCW 50.32.160. RCW 50.32.160 provides for an award of attorney fees and costs on

---

[1] RCW 34.05.554 provides:

(1) Issues not raised before the agency may not be raised on appeal, except to the extent that:
(a) The person did not know and was under no duty to discover or could not have reasonably discovered facts giving rise to the issue;
(b) The agency action subject to judicial review is a rule and the person has not been a party in adjudicative proceedings that provided an adequate opportunity to raise the issue;
(c) The agency action subject to judicial review is an order and the person was not notified of the adjudicative proceeding in substantial compliance with this chapter; or
(d) The interests of justice would be served by resolution of an issue arising from:
(i) A change in controlling law occurring after the agency action; or
(ii) Agency action occurring after the person exhausted the last feasible opportunity for seeking relief from the agency.
[2] Because the department did not appeal this decision, we do not address whether the trial court properly remanded for reconsideration of the new issues under RCW 34.05.554.

appeal of a Department decision "if the decision of the commissioner shall be reversed or modified." Hall argues that by remanding his case back to the Department for consideration of the new issues, the superior court effectively "modified" the commissioner's ruling. We disagree.

Judicial review of a decision of the commissioner is controlled by the procedural requirements of the Administrative Procedure Act (APA), chapter 34.05 RCW. RCW 50.32.120. RCW 34.05.554 precludes an appellant from raising issues before the superior court that they failed to raise before the agency, except under limited circumstances. If the superior court determines the appellant has shown sufficient reason for the new issue to be raised, the trial court "shall remand to the agency for determination" of that issue. RCW 34.05.554. Neither party disputes the superior court's decision to allow the new issues to be pled and to remand to the Department for fact-finding and consideration of the new issues pursuant to RCW 34.05.554. Thus, the sole issue in this case is whether remand for fact-finding to consider the newly raised issues is a "reversal or modification" of the commissioner's ruling under RCW 50.32.160. We conclude that it is not.

A similar issue was considered in Hamel v. Emp't Sec. Dep't of State of Wash., 93 Wn. App. 140, 148, 966 P.2d 1282 (1998). In Hamel, the superior court remanded the commissioner's decision for additional factual findings. The appeal returned to the superior court after remand and the court affirmed the commissioner's decision. Hamel requested attorney fees and costs. Division Two of this court held that Hamel was not entitled to fees because "the superior court did not reverse or modify the decision of the

-4-

Commissioner when it remanded the decision for additional factual findings." Hamel, 93 Wn. App. at 148.

Hall seeks to distinguish this case from Hamel, citing to Terry v. Emp't Sec. Dep't, 82 Wn. App. 745, 753, 919 P.2d 111 (1996). But, contrary to Hall's assertion, Terry does not stand for the proposition that a superior court's remand for additional factual findings is equivalent to a reversal or modification. In Terry, this court remanded for a new hearing because it held the commissioner made an error of law by concluding the decision to retire was automatically a personal decision, without considering "whether Terry quit for sufficient work-related factors required under WAC 192-16-009." Terry, 82 Wn. App. at 750. The court specifically held that the commissioner erred and reversed that decision. Unlike in Terry, the superior court in this case did not hold the commissioner erred, but affirmed the commissioner's ruling. See Hamel, 93 Wn. App. at 148.

Hall also argues this case is analogous to Terry because the trial court remanded for the Department to consider issues it erroneously failed to address during the original hearing. Hall concedes that he did not raise these issues at the original hearing, but still argues the burden was on the Department to consider these claims on Hall's behalf. Hall's assertion is entirely without merit. The law unambiguously states "[t]he burden is upon the claimant to establish his rights to the benefits under the act, and this burden of proof never shifts during the course of the trial." Townsend v. Emp't Sec. Dep't, 54 Wn.2d 532, 534, 341 P.2d 877 (1959). This is even true for a pro se litigant. In re Decertification of Martin, 154 Wn. App. 252, 265, 223 P.3d 1221 (2009) ("A pro se litigant is held to the same rules of procedural and substantive law as an attorney.").

Because Hall did not raise these issues before the commissioner, the commissioner did not err in not considering them.

Finally, Hall cites Albertson's to support his argument. However, Albertson's is again readily distinguishable. In Albertson's, the commissioner concluded that the employee was not available for work but had not committed misconduct. The employer appealed the commissioner's decision that the employee had not committed misconduct and the employee cross-appealed the conclusion that she was available for work. The superior court reversed both of the commissioner's rulings in favor of the employee. Albertson's, 102 Wn. App. at 45. Because the employee was successful in her appeal and successfully defended against the employer's appeal, this court confirmed an award of attorney fees. Albertson's, 102 Wn. App. at 45-47.

Here, unlike Albertson's, and like Hamel, the superior court did not modify or reverse the commissioner's ruling. In remanding for additional fact-finding, the superior court did not hold that the commissioner erred in reaching its conclusion, or determine whether Hall had been erroneously denied unemployment compensation. Any modification of the commissioner's ruling will only occur after the Department performs the necessary fact-finding, and then only if the Department reaches a determination in favor of Hall on the new issues. "Where a party has succeeded on appeal but has not yet prevailed on the merits, an award of attorney fees should abide the ultimate resolution of the issues in the case." Taylor v. Bell, 185 Wn. App. 270, 296, 340 P.3d 951 (2014) (citing Riehl v. Foodmaker, Inc., 152 Wn.2d 138, 153, 94 P.3d 930 (2004)).

We conclude that where the superior court remands for consideration of additional issues pursuant to RCW 34.05.554, and does not reverse the commissioner's

decision on the merits, the trial court did not modify or reverse the commissioner's ruling, and attorney fees are not available under RCW 50.32.160.

### RCW 4.84.350

Hall argues in the alternative that attorney fees are available under the equal access to justice act. We disagree.

RCW 4.84.350 provides for an award of attorney fees for those successfully challenging agency actions where the party both prevails and the agency action was not substantially justified. RCW 4.84.350 is only available, however, if attorney fees and costs are not "otherwise specifically provided by statute." RCW 4.84.350.

RCW 4.84.350 does not apply to claims under the Employment Security Act because the Act has its own attorney fees statute at RCW 50.32.160. See Markam Group, Inc. v. Emp't Sec. Dep't, 148 Wn. App. 555, 564-65, 200 P.3d 748 (2009) (holding the language "[e]xcept as otherwise specifically provided by statute," within RCW 4.84.350 excludes Employment Securities Act claims that fall within RCW 50.32.160).

Hall cites to Language Connection v. Emp't Sec. Dep't, 149 Wn. App. 575, 587, 205 P.3d 924 (2009), to argue that anytime attorney fees are unavailable under RCW 50.32.160, the court can then award fees under RCW 4.54.350. We disagree. In Language Connection, we affirmed that RCW 50.32.160 exclusively applies to all claimants who seek to recover fees "on an appeal involving the individual's application for initial determination, claim for waiting period credit, or claim for benefits." Language Connection, 149 Wn. App. at 587. However, the issue on appeal in Language Connection was an employer appealing an assessment of contributions. Therefore,

fees were available under RCW 4.54.350 because RCW 50.32.160 does not apply to claims brought by an employer. In this case, Hall is appealing a "claim for benefits" under the Employment Security Act, a claim that clearly falls under RCW 50.32.160. Therefore, Language Connection is inapposite to this case.

*Fees on Appeal*

RAP 18.1 provides that "[i]f applicable law grants to a party the right to recover reasonable attorney fees or expenses on review before either the Court of Appeals or Supreme Court, the party must request the fees or expenses . . . in its opening brief." RAP 18.1(a)-(b). As RCW 50.32.160 does not entitle Hall to fees, he is similarly not entitled to fees pursuant to RAP 18.1.

We affirm.

_Mann, ACJ_

WE CONCUR:

_Leach, J._        _Dwyer, J._